**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ABDUSAMAT BAKYT, | Case No. 5:26-cv-02782-SPG-ACCV |
| Petitioner, | |
| v. | **AMENDED REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| DHS OPLA, | |
| Respondent. | |

This Report and Recommendation is submitted to the Honorable Sherilyn Peace Garnett, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Court recommends that Petitioner's request for habeas relief in the Petition be granted.

## I.    FACTUAL AND PROCEDURAL HISTORY

Petitioner Abdusamat Bakyt ("Petitioner") is detained at Adelanto ICE Processing Center. (Dkt. No. 1 at 1 of 12.) Petitioner is charged under 8 U.S.C. § 1227(a)(1)(B) for removal proceedings arising from Petitioner allegedly overstaying a B-1 visa. (*Id.* at 2 of 12.)

On May 19, 2026, Petitioner filed a Petition for Writ of Habeas Corpus

("Petition") against the Department of Homeland Security ("DHS") Office of the Principle Legal Advisor ("OPLA").[1]  (*Id.* at 1 of 12.)  The Petition asserts that after lawfully entering the United States with a B-1 visa, Petitioner has complied with immigration processing requirements.  (*Id.* at 6 of 12.)  In addition, the Petition alleges that Petitioner does not present a danger to the community or a flight risk.  (*Id.*)

Petitioner has pending removal proceedings as of April 14, 2026, the date Petitioner was taken into custody.  (*Id.* at 2, 4 of 12.)  The Petition requests judicial review of Petitioner's current immigration detention and continued deprivation of liberty.  (*Id.* at 2 of 12.)  According to the Petition, Petitioner's detention unlawfully violates the Fifth Amendment because it is a "continued deprivation of liberty without meaningful judicial review and adequate procedural protections[.]"  (*Id.* at 6 of 12 (capitalization normalized).)  As relief, Petitioner requests release from detention or, in the alternative, "a bond amount[.]"  (*Id.* at 7 of 12.)

Respondent filed its return on May 29, 2026, stating it "is not presenting an opposition argument at this time."  (Dkt. No. 7 at 2.)  Consequently, the verified

---

[1] Petitioner names "DHS / OPLA" as respondent in the Petition.  Federal sovereign immunity bars a lawsuit against the federal government in the absence of a waiver from Congress, and Respondent's failure to raise that defense does not waive it.  *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1090 (9th Cir. 2007).  However, given that Petitioner is *pro se*, the Court treats the Petition as though it named as Respondent the relevant federal officials with authority over Petitioner's detention.  *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976).  Accordingly, for the purpose of the Petition, the Court orders relief against the relevant officials, including but not limited to: Markwayne Mullin, in his official capacity as the Secretary of the Department of Homeland Security; Todd Blanche, in his official capacity as the Acting United States Attorney General; Todd Lyons, in his official capacity as Acting Director of U.S. Immigration Customs and Enforcement ("ICE"); Fereti Semaia, in his official capacity as Warden of the Adelanto ICE Processing Center; and Andre Quinones, in his official capacity as ICE ERO Los Angeles acting Field Office Director.

facts set forth in the Petition, as well as the legal arguments and the relief requested in the Petition are uncontested.

## II.    DISCUSSION

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301, 121 S. Ct. 2271, 2280, 150 L. Ed. 2d 347 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687-88, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

Petitioner's requested relief, *inter alia*, is an order granting the Petition and that Petitioner be released immediately. (Dkt. No. 1 at 7 of 12.) In Respondent's Answer, Respondent plainly states it "is not presenting an opposition argument at

this time." (Dkt. No. 7 at 2.)  Respondent also states, "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (*Id.*)  Given Respondent's concession, nothing more need be said.  *See Singh v. Chiang*, No. ED CV 25-3024 FMO-SP, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).  Given Respondent's non-opposition, Petitioner's prior status, and the absence of procedural safeguards accorded to Petitioner in advance of detention, the Court finds that it is appropriate to grant the Petition and order that Petitioner be immediately released on the same conditions as prior to detention.

As noted before, Respondent plainly states, "Respondent is not presenting an opposition argument at this time.  Should the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241 Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (Dkt. No. 7 at 2.)  The Court takes this as a waiver of further briefing and thus will immediately transmit this Report and Recommendation without the objection period afforded by 28 U.S.C. § 636, the Federal Rules of Civil Procedure, and the Local Rules.  *Cf. United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (holding that a district court has the discretion to shorten the objection period).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

## III.    RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; (2) directing that Judgment be entered granting the Petition; (3) issuing a writ of habeas corpus requiring Respondent to IMMEDIATELY RELEASE Petitioner Abdusamat Bakyt (A# 236-066-532) from custody; (4) requiring, at the time of release, Respondent must return all of Petitioner's documents and possessions; and (5) requiring Respondent file a notice of compliance within three days following an Order granting the Petition.

DATED: June 2, 2026

_____

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

## NOTICE

Reports and Recommendations are not appealable to the United States Court of Appeals of the Ninth Circuit, but may be subject to the right of any party to file objections as provided in the Local Civil Rules for the United States District Court for the Central District of California and review by the United States District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until the District Court enters judgment.

5